UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILLARY WALLS,

    Plaintiff,

v.

PIERCE COUNTY SHERIFF'S DEPARTMENT, *et al.*,

    Defendants.

Case No. C07-5152 RBL/KLS

ORDER TO SHOW CAUSE

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has been granted leave to proceed *in forma pauperis*.  Before the Court for review is Plaintiff's proposed civil rights complaint under 42 U.S.C. § 1983.  (Dkt. # 1).  Plaintiff seeks punitive and compensatory damages for the failure of the Defendants to return money and other property seized under warrant issued in 2002.  (Dkt. # 1 at 3).  The Court finds that Plaintiff must show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.

**I. DISCUSSION**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct

ORDER - 1

complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff alleges that $690.00 was seized pursuant to a search warrant issued in 2002, based on "stale and false" information, and that Defendants continue to withhold this property, along with other items belonging to Plaintiff, including "la[p]tops, desktop computers and many other "things." Plaintiff alleges that he has made several attempts to secure the return of his property by filing a risk management form with Pierce County and Pierce County Jail and by writing to the Defendants during the time he was incarcerated from 2002 to 2005. (*Id*. at 2).

Plaintiff appears to be challenging the propriety of a civil or criminal forfeiture action related to the criminal conviction for which he was previously incarcerated. Based on the facts alleged, the Court is unable to determine whether there is an ongoing state proceeding. If there is, the Court will generally not intervene absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45- 46 (1971).

In addition, Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff's complaint must include factual allegations describing how each individually named Defendant caused or personally participated in causing him the constitutional harm that he claims he suffered.

Accordingly, it is ORDERED:

1. Plaintiff shall show cause why this petition should not be dismissed. A response is due by **May 31, 2007.** If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the Court will enter a report and recommendation that the complaint be dismissed.

ORDER - 2

2. The Court Clerk is directed to send a copy of this Order to Plaintiff.

DATED this  11th  day of May, 2007.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

ORDER - 3