1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11
12

HILLARY WALLS,

        Plaintiff,

13

    v.

14

PIERCE COUNTY SHERIFF'S
DEPARTMENT, *et al.*,

15

        Defendants.

Case No. C07-5152RJB

**ORDER ADOPTING THE REPORT
AND RECOMMENDATION**

16
17
18
19
20

      This case comes before the Court on U.S. Magistrate Judge Karen L. Strombom's Report and Recommendation (Dkt. 32), Defendants' Motion for Summary Judgment (Dkt. 36), and Plaintiff's Motion to Strike (Dkt. 43).  The Court has considered the relevant documents and the remainder of the file herein.

21

**I.**    <u>**FACTS**</u>

22
23
24
25
26
27

      Pro se Plaintiff, Hillary Walls, brought this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 15.  Plaintiff alleges that in 2002, Defendant McCarthy seized $690.00 with a search warrant that was based upon stale information.  *Id*., at 5.  Plaintiff also alleges that Defendants McCarthy, Adams, and Pastor unlawfully seized "lap tops, desk top computers and many other things."  *Id*. Plaintiff alleges that these items are not subject to civil or criminal forfeiture.  *Id*. at 4.  Plaintiff alleges that he has attempted several times to get his property returned.  *Id*.  Plaintiff argues that

28

ORDER - 1

1   these seizures violated his constitutional rights and he was not afforded the "due process of law." *Id.*

2   at 4.

3          The Report and Recommendation recommends that Defendants' motion to dismiss the

4   amended complaint for failure to state a claim be granted.  Dkt. 32.  The Report and

5   Recommendation notes that Washington has a process in place for the return of property seized

6   during an unlawful search and seizure.  Dkt. 32.  Under Washington Criminal Rule 2.3(e),

7   "A person aggrieved by an unlawful search and seizure may move the court for the return of the

8   property on the ground that the property was illegally seized and that the person is lawfully entitled

9   to possession thereof. If the motion is granted the property shall be returned."  The Report and

10  Recommendation finds that Plaintiff has failed to show that Washington's post-deprivation

11  procedure, for the return of property taken in an unlawful search and seizure, is constitutionally

12  inadequate.  *Id.*  It further recommends denial of Plaintiff's motion to amend his complaint after

13  discovery is completed because amendment would be futile.  *Id.*  The Report and Recommendation

14  recommends dismissal of the action without prejudice so that Plaintiff can pursue his claims in state

15  court.  *Id.*

16         Plaintiff argued, in his Objections, that he made a mistake when he alleged a Fourth

17  Amendment claim, but instead intended to make a Fourteenth Amendment claim.  Dkt. 33.  Plaintiff

18  argued that he filed a motion to amend his complaint once discovery was complete.  Dkt. 33, at 1.

19  He argued that the Court did not address his motion.  *Id.*  Plaintiff includes 267 pages of attachments

20  to his pleadings.  Dkt. 33-2 to 33-10.  In response to Plaintiff's Objections, Defendants request an

21  opportunity to further brief the Court.  Dkt. 32.

22         On March 17, 2008, Plaintiff's Fourth Amendment claim was dismissed.  Dkt. 35.  Pursuant

23  to Fed. R. Civ. P. 12 (b), and in light of the multiple pleadings Plaintiff submitted, this Court ordered

24  that the Motion to Dismiss be converted into a motion for summary judgment.  *Id.*  Defendants'

25  request for an opportunity to further brief the issues was granted, and each side was given an

26  opportunity to respond.  *Id.*  Defendants filed their response entitled "Motion for Summary

27  Judgment" (Dkt. 36) and Plaintiff filed his Response (Dkt. 43).  Plaintiff again attaches 654 pages of

28  ORDER - 2

1   exhibits without referencing any of them in his Response.  Dkt. 43.  The matter is now ripe for

2   review.  For the reasons set forth below, the Report and Recommendation (Dkt. 32) should be

3   adopted, and the matter dismissed.

## II.   DISCUSSION

### A.   SUMMARY JUDGMENT STANDARD

6          Summary judgment is proper only if the pleadings, depositions, answers to interrogatories,

7   and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

8   any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

9   56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails

10  to make a sufficient showing on an essential element of a claim in the case on which the nonmoving

11  party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no

12  genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of

13  fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

14  574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply

15  "some metaphysical doubt.");  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a

16  material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a

17  judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

18  U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th

19  Cir. 1987).

20         The determination of the existence of a material fact is often a close question.  The court

21  must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a

22  preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv.,*

23  *Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the

24  nonmoving party only when the facts specifically attested by that party contradict facts specifically

25  attested by the moving party.  The nonmoving party may not merely state that it will discredit the

26  moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the

27  claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non

28  ORDER - 3

1  specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v.*
2  *Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

3      **A.    MOTION TO STRIKE**

4          Plaintiff moves to strike Defendants' response as untimely.  Dkt. 43.  Plaintiff's motion
5  should be denied.  The Court ordered Defendants to file a further pleading by April 1, 2008.  Dkt.
6  35.  Defendants' filed their pleading on April 1, 2008.  Dkt. 36.  The fact that they entitled it
7  "Motion for Summary Judgment" is immaterial as the Court had already converted Defendants'
8  original Motion to Dismiss into a Summary Judgment Motion.

9      **B.    STATUTE OF LIMITATIONS**

10         For actions under brought under 42 U.S.C. § 1983, like the one here, federal courts apply the
11  forum state's statute of limitations, along with the forum state's law regarding tolling, including
12  equitable tolling.  *Canatella v. Van De Kamp*, 486 F.3d 1128, 1133 (9th Cir. 2007).  Under
13  Washington law, the statue of limitations is three years for an action "for the taking, detaining, or
14  injuring of personal property, including an action for the specific recovery thereof," and for an action
15  "against a sheriff, coroner, or constable upon a liability incurred by the doing of an act in his official
16  capacity and by virtue of his office, or by the omission of an official duty, including the nonpayment
17  of money collected upon an execution."  RCW 4.16.080 (2) and (5).  RCW 4.16.190(1) tolls the
18  running of the statute of limitations for the time an individual is "imprisoned on a criminal charge
19  prior to sentencing."

20         This case was filed on March 27, 2007.  Dkt. 1.  Accordingly, unless tolled, the statute of
21  limitations would have barred any case based on state action prior to March 26, 2004.

22         The record now contains several pleadings which list property taken from Plaintiff on several
23  occasions.  *See e.g.* Dkts. 39, 41, and 43.  Various computers are listed.  *See Id.*  It is not clear
24  which of these Plaintiff claims were not returned to him in violation of his rights.  Plaintiff does
25  attach Pierce County Sheriff Office Property Reports for the seizure of computer equipment taken on
26  December 21, 2001 in Pierce County Superior Court ("PCSC") case number 01-270-0326.  Dkt. 43-
27  2, at 2.  Plaintiff also attaches a property report for the seizure of $690.00 from his inmate account
28  ORDER - 4

1   on March 18, 2003, in PCSC case number 03-105-0569.  Dkt. 43-3, at 3.  Defendants include in

2   their attachments a report that computer equipment was seized on from Plaintiff on October 3, 2002

3   in PCSC case number 02-242-0527.  Dkt. 39, at 1.

4       Defendants provide evidence that from December 21, 2001 (the date of the first incident

5   where plaintiff alleges that his property was improperly taken) to March 27, 2007 (the date the case

6   was filed), Plaintiff was "imprisoned on a criminal charge prior to sentencing" for a total of 268 days.

7   Dkt. 37.  Pursuant to RCW 4.16.190(1), then the events Plaintiff complains about would have had to

8   occur by July 2, 2003 for his claim to be viable.  The most recent instance that Plaintiff complains

9   about is the March 18, 2003 seizure of $690.00 from his inmate trust account.  Plaintiff offers no

10  evidence to contradict Defendants' submissions regarding the time he spent in custody which would

11  further toll the statute.  Instead, Plaintiff argues that the statute could also be tolled if the defendant

12  misleads the plaintiff into allowing the period to expire or extraordinary circumstances beyond the

13  plaintiff's control make it impossible for him to file suit on time.  Dkt. 39.  Plaintiff offers no

14  evidence that Defendants misled him into allowing the period to expire.  He offers no evidence of

15  extraordinary circumstances which made it impossible for him to file suit.  Plaintiff's claims are

16  barred by the statute of limitations.  Further, even if Plaintiff's claims were not barred by the statute

17  of limitations, he has not shown that Washington's procedures for a "person aggrieved by an

18  unlawful search and seizure" are constitutionally inadequate.

19      **C.     FOURTEENTH AMENDMENT DUE PROCESS**

20      "To state a claim under § 1983 , a plaintiff must both (1) allege the deprivation of a right

21  secured by the federal Constitution or statutory law, and (2) allege that the deprivation was

22  committed by a person acting under color of state law."  *Anderson v. Warner*, 451 F.3d 1063, 1067

23  (9th Cir. 2006) (*internal citations omitted*).

24      Plaintiff has now submitted several pages of attachments.  *See e.g.* Dkt. 33-2 to 33-10; Dkt.

25  39.  Based upon these attachments, it appears that the items at issue here were taken pursuant to

26  search warrants, one for a residence, and the other seized the money in his inmate jail account.  Dkt.

27  32-2, at 1-3.  Further, it appears that the criminal cases for which  this evidence was taken, were

28  ORDER - 5

1   dismissed, or no charges were filed against Plaintiff.  *Id.*  It also appears that a portion of the $690.00

2   was released to a third party.  *Id.*, at 5.

3          The fact that a court authorized the Defendants to take these items calls into question the

4   application of *Hudson v. Palmer*, 468 U.S. 517, 533 (1983).  *Zinermon v. Burch,* 494 U.S. 113,

5   128-130 (1979).  The Court in *Hudson* held that "an <u>unauthorized</u> intentional deprivation of property

6   by a state employee does not constitute a violation of the procedural requirements of the Due

7   Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

8   available." *Id.* (*emphasis added*).  *Hudson* represents a special case of the *Mathews v. Eldridge*, 424

9   U.S. 319, 335 (1976), analysis "in which postdeprivation tort remedies are all the process that is due,

10  simply because they are the only remedies the state could be expected to provide." *Zinermon*, at 128

11  (noting that a state could not be expected to hold predeprivation hearings in circumstances where the

12  state actor is either negligent or acting without authority).

13         In determining what process is due Plaintiff for the return of his property here should be done

14  by applying the factors specified by the Supreme Court in *Mathews v. Eldridge*.  *Id.*  Those factors

15  are: 1) the private interest that will be affected by the official action; 2) the risk of an erroneous

16  deprivation of such interest through the procedures used, and the probable value, if any, of additional

17  or substitute procedural safeguards; and 3) the Government's interest, including the function involved

18  and the fiscal and administrative burdens that the additional or substitute procedural requirement

19  would entail.  *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

20         Washington law affords Plaintiff several avenues for the return of his property.  One is a

21  court hearing under Washington Criminal Rule 2.3(e).  Plaintiff makes no showing under the

22  *Mathews v. Eldridge* test that such a court hearing does not provide him adequate due process.  It is

23  undisputed that he has a significant interest in his private property.  However, a court hearing

24  provides the best protection against erroneous deprivation of that interest.  Plaintiff does not show

25  that an order denying him the return of his property is not appealable to the Washington State Court

26  of Appeals.  No further procedural requirements could be reasonably required.  Further, even if as

27  Plaintiff alleges, his property is no longer available, he could still resort to state law causes of action

28  ORDER - 6

such as conversion.  Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.  *Baker v. McCollan,* 443 U.S. 137, 146 (1979).  The Report and Recommendation should be adopted and the case should be dismissed.

### III.   ORDER

Therefore, the Court does hereby find and **ORDER**:

(1)     The Court **ADOPTS** the Report and Recommendation (Dkt. 32);

(2)     Defendants' Motion for Summary Judgment (36) is **GRANTED**;

(3)     Plaintiff's Motion to Strike (Dkt. 43) is **DENIED**;

(4)     This case is **DISMISSED**; and

(5)     The Clerk of the Court is directed to send copies of this Order to Plaintiff, all counsel of record, and to the Hon. Karen L. Strombom.

DATED this 11th day of April, 2008.

ROBERT J. BRYAN
United States District Judge

ORDER - 7